■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE RICHARD DARRAH, Appellant.— GREENBLOTT, J. Appeal from a judgment of the County Court of Franklin County, rendered May 17, 1968, convicting defendant on his plea of guilty of burglary in the third degree as a second felony offender, and from an order denying defendant's motion to withdraw his previous plea of guilty and to substitute a plea of not guilty. On January 10, 1966, the defendant pleaded guilty to the crime of burglary in the third degree under Indictment No. 236, as a second felony offender and was sentenced to 5 to 10 years. At the same time another indictment against the defendant was dismissed on motion of the District Attorney. On February 29, 1968 appellant applied for writ of error *coram nobis,* contending he was improperly deprived of his right to appeal said judgment of conviction and sentence by the failure of his attorney to advise him of his right to appeal. This application was granted and the appellant was resentenced to the same sentence previously imposed. Appellant now contends that the trial court abused its discretion in refusing his request to withdraw his plea of guilty on the ground that he was deprived of effective assistance of counsel. On argument of this appeal, his counsel further contended that the present District Attorney should have disqualified himself from appearing on the *coram nobis* proceeding and on this appeal. The record reveals that although appellant refused counsel on · the original arraignment on December 13, 1965, the court nevertheless appointed the Public Defender to assist him. When appellant indicated he wanted to "waive counsel", the District Attorney stated that there was another indictment outstanding, and appellant would be arraigned as a multiple offender. The court advised appellant that he was assigning the Public Defender as his counsel, with the

understanding " that thereafter you might say I want to proceed by myself. You can consult with entire freedom with the public defender and he can advise you of your legal rights and of any position you would take ". The Public Defender then entered a plea of not guilty for appellant to both indictments. On January 10, 1966, appellant pleaded guilty to Indictment No. 236 and Indictment No. 260 was dismissed. At that time, appellant indicated to the court that the Public Defender was his attorney and that they had conferred. The trial court carefully safeguarded the appellant's rights. In the light of appellant's admissions of guilt at sentencing, and the absence of a claim that the plea of guilty was induced by fraud or coercion, we conclude that there was no abuse of discretion. We find no merit in appellant's other contentions. Judgment and order affirmed. Herlihy, P. J., Staley, Jr., Grenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.